**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**March 8, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

---

ANTHONY S. KIDD,

      Plaintiff - Appellant,

v.

JEREMY BAKER; TYLER JONES;
MICHAEL FALCK; JASON VSETECKA;
(FNU) SIMMONS; JOHN DOE,

      Defendants - Appellees.

No. 22-3285
(D.C. No. 5:22-CV-03123-JWL-JPO)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.

---

    After examining Anthony Kidd's written submissions and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kidd appeals, pro se, from an order of the district court dismissing his 42 U.S.C. § 1983 civil rights complaint.[1]  In that complaint, Kidd alleged corrections officers at the Larned Correctional Mental Health Facility choked him and used excessive force after he was handcuffed and restrained.  The district court noted Kidd's action was properly dismissed on two independent grounds.  First, considering only the facts upon which the parties agreed, the district court concluded Kidd's complaint failed to state a claim.  Alternatively, the district court concluded Kidd failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  In so doing, the district court described at length the dual-track system of administrative exhaustion set out in Kansas law.  The district court noted that because Kidd's claims involved allegations of personal injury, the relevant path to exhaust his claims was that set out in Kan. Admin. Regs. § 44-16-104a.  And, as the district court correctly concluded, Kidd did not utilize the procedures set out in § 44-16-104a.  *See* R. Vol. I at 35 (grievance resolution from unit manager specifically informing Kidd he could not utilize the grievance procedures set out in Article 15 of Chapter 44 of the Kansas Administrative Regulations to exhaust his personal injury claims); *id* at 40 (same as to warden).

This court reviews de novo a dismissal for failure to exhaust.  *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  A review of Kidd's appellate

---

[1] Kidd's motion to proceed on appeal in forma pauperis is **granted**.  28 U.S.C. § 1915.  He is reminded that he must continue making partial payments until the appellate filing fee is paid in full.  *Id*. § 1915(b)(1).

arguments, the record, and the pertinent authorities demonstrates the district court correctly concluded Kidd's complaint must be dismissed because Kidd failed to properly exhaust his administrative remedies.[2]  *See id.*  Accordingly, the district court is affirmed for substantially those reasons relating to the issue of exhaustion set out in the order of dismissal dated December 7, 2022.  This court need not, and does not, opine on the correctness of any aspect of the district court's conclusion that Kidd's complaint failed to state a valid excessive force claim.

For those reasons set out above, the order of the United States District Court for the District of Kansas is hereby AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

---

[2] A dismissal for failure to exhaust is usually without prejudice.  *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005).  In this case, however, the record indicates Kidd could not now file a timely administrative grievance.  *See* Kan. Admin. Regs. § 44-16-104a(a) (setting out a ten-day timeframe for filing a claim of personal injury).  Thus, allowing Kidd an attempt to properly exhaust his claims would be futile.  *See Thompson v. Coulter*, 680 F. App'x 707, 712 (10th Cir. 2017) (unpublished disposition cited exclusively for its persuasive value).